UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIE WILLIAMS,

    Plaintiff,

v.

DOCTOR ROBINSON, et al.,

    Defendants.

Civ. No. 16-5930 (RBK) (AMD)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Willie Williams, is a former prisoner that was incarcerated in the Atlantic County Justice Facility ("ACJF"). He is proceeding *pro se* with a civil rights complaint against Defendants Doctor Robinson and CFG Health Systems, LLC (incorrectly named as CFG Health Care Systems) alleging a violation of his Eighth Amendment right to adequate medical treatment. Presently pending before the Court is Defendants' motion for summary judgment (ECF No. 32). Plaintiff has not filed an opposition to the motion for summary judgment.[1] For the following reasons, Defendants' motion for summary judgment is granted.

## II. BACKGROUND

### A. Factual Background

Plaintiff, a diabetic, alleges that during his detention at the ACJF, Defendants Dr. Robinson and CFG Health Systems, LLC ("CFG") failed to administer long-acting insulin (Lantus) to him.

---

[1] On March 5, 2018, Magistrate Judge Donio held a status conference and entered an order granting Plaintiff an extension of time until April 2, 2018, to file opposition to Defendants' motion for summary judgment. (*See* ECF No. 33).

(*See* ECF No. 1 at p. 4).  Plaintiff claims that the denial of insulin could have caused him to go into a diabetic coma or suffer a stroke or heart attack.  (*See id.*).

Plaintiff arrived at the ACJF on March 9, 2016.  (*See* ECF No. 32, Ex. E at 67:22 to 68:1).  Available medical records indicate that Plaintiff was evaluated by the medical department upon intake.  (*See* ECF No. 32, Ex. D at 81-82).  Plaintiff was identified as having Type 2 diabetes and his medications were noted to include Lantus, a long-lasting insulin.  (*See id.* at 78, 81-82).  Plaintiff was ordered a special diet, laboratory tests, and low dose insulin on a sliding scale as chronic care for his diabetes.  (*See id.* at 88-89, 92).

Beginning on March 10, 2016, Plaintiff's blood sugar levels were checked twice a day, during which time he received low dose insulin on a sliding scale.  (*See id.* at 166; ECF No. 32, Ex. E at 74:1-17, 96:1-5).  On March 10 and March 11, 2016, medical department staff contacted multiple local pharmacies to confirm Plaintiff's medications, including Lantus.  (*See* ECF No. 32, Ex. D at 102, 105).  On March 12, 2016, Plaintiff was prescribed a reorder of Lantus.  (*See id.* at 102).  Plaintiff began receiving Lantus on March 16, 2016.  (*See id.* at 166).  Plaintiff claims that the only period he was without Lantus was from March 9 to 17, 2016.  (*See* ECF No. 1 at 4; ECF No. 32, Ex. E at 95:14-24).

### III.   LEGAL STANDARD

Summary judgment is warranted only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Conoshenti v. Public Serv. Electric & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004).  When the

moving party has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The mere existence of some evidence favoring the non-moving party, however, will not defeat the motion. There must be enough evidence with respect to a particular issue to enable a reasonable jury to find in favor of the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *McGreevy v. Stroup*, 413 F.3d 359, 363-64 (3d Cir. 2005). In evaluating the evidence at the summary judgment stage, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Matreale v. New Jersey Dep't of Military & Veterans Affairs*, 487 F.3d 150, 152 (3d Cir. 2007).

## IV. DISCUSSION

### A. Inadequate Medical Care Claims

It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner during the course of the actions complained of in his complaint. Accordingly, the Court will examine Plaintiff's claims of inadequate medical care under both the Fourteenth Amendment's due process standard (applicable to pretrial detainees) and the Eighth Amendment standard (applicable to convicted prisoners).

The Fourteenth Amendment to the United States Constitution, Section 1, guarantees that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const, amend. XIV, § 1. The Fourteenth Amendment protects a pretrial detainee from "conditions of confinement, including his health care or lack thereof, that amounted to punishment." *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (citing *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005)). In the Third Circuit, the analysis of a pretrial detainee's claim of inadequate medical services is guided by the standard used for inadequate medical services claims by convicted prisoners under the Eighth Amendment. *Id.*

3

Regardless, "[u]nder any standard applicable here, governmental actors' intent must be greater than mere negligence for their alleged misconduct to support a constitutional claim." *Id.* (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)).[2]

The Eighth Amendment to the United States Constitution prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

To establish deliberate indifference, a "plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious. Additionally, a plaintiff must make a 'subjective' showing that defendant acted with a 'sufficiently culpable state of mind.'" *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Allegations of negligence or medical malpractice are not sufficient to establish a Constitutional violation as the "inadvertent failure to

---

[2] The Court notes the recent Supreme Court decision, *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), which called into question the propriety of applying the Eighth Amendment analysis to a pretrial detainee in an excessive force case. Post-*Kingsley*, many courts have limited its holding only to excessive force claims, and those courts continue to apply the Eighth Amendment analysis in other contexts for pretrial detainees, such as denial of medical services claims. *See Roberts v. C-73 Med. Dir.*, No. 14-5198, 2015 WL 4253796, at *3 (S.D.N.Y. July 13, 2015). Third Circuit decisions seem to suggest that the Eighth Amendment is still the continuing standard for denial of medical care claims in this circuit. *See Miller v. Steele-Smith*, 713 F. App's 74, 76 n.1 (3d Cir. 2017) (" [A] Fourteenth Amendment claim for inadequate medical care is analyzed pursuant to the same standard applied to an Eighth Amendment claim"); *Gerholt v. Orr*, 624 F. App'x 799, 801 n.3 (3d Cir. 2015) ("We have made clear, however, that the Due Process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner.") (citation and quotation omitted). As the Third Circuit has not announced a different test for pretrial detainees, this Court applies the Eighth Amendment test to Plaintiff's claims.

provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (quoting *Estelle*, 429 U.S. at 105); see also *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (neither claims of medical malpractice nor disagreements regarding the proper medical treatment are actionable).

Here, Defendants argue that summary judgment should be granted because Plaintiff is unable to establish deliberate indifference as the record indicates that Plaintiff's blood sugar levels were regularly tested and he was administered insulin on a sliding scale. (*See* ECF No. 32 at pp. 9-10). Available medical records show that upon intake at the ACJF, Plaintiff was ordered a special diabetic diet, laboratory tests, and to receive insulin on a sliding scale. (*See* ECF No. 32, Ex. D at 88, 92). Indeed, Plaintiff testified at his deposition on September 25, 2017, that while detained at the ACJF, his blood sugar levels were tested twice a day and he received insulin (Humulin) on a sliding scale based on his blood levels. (*See* ECF No. 32, Ex. E at 71:21 to 73:3, 74:1-17). Thus, regardless of the method by which Plaintiff was given insulin, it appears that his condition was monitored and he was provided with medical treatment. Under these circumstances, no reasonable jury could find that Dr. Robinson was deliberately indifferent to Plaintiff's medical needs.

Moreover, there are no allegations that Plaintiff suffered any ill effects from his one week without long-lasting insulin medication. (*See* ECF No. 1 at p. 4; ECF No. 32, Ex. E at 100:24 to 101:23). "Actual injury is a prerequisite to any claim under § 1983." *Miller v. UMDNJ*, No. 12-4045, 2015 WL 4742287, at *5 (D.N.J. Aug. 10, 2015) (citing *Jackson v. Taylor*, No. 05-823, 2008 WL 4471439, at *4 (D. Del. Sept. 26, 2008)); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for

5

mental or emotional injury suffered while in custody without a prior showing of physical injury"). As such, Plaintiff has failed to demonstrate the elements of a valid denial of medical services claim under the Fourteenth or Eighth Amendments, and Defendants' motion for summary judgment as to Dr. Robinson is granted.

Furthermore, Plaintiff's claim against CFG for the denial of medical care also fails because the Court has not found an underlying constitutional violation. *See Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120, 124 (3d Cir. 2003) (holding that when there are no underlying constitutional violations found, it precludes supervisory and policymaking liability, because such conclusion naturally follows from the principle that § 1983 claims require personal involvement); *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim"). Accordingly, Defendants' motion for summary judgment as to CFG is granted.

### B. State Law Claim

To the extent that Plaintiff's complaint can be construed as asserting a state law negligence claim against Defendants, the Court declines to exercise supplemental jurisdiction over such claim and dismisses the claim without prejudice to Plaintiff's right to file an action in state court. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim if ... [it] has dismissed all claims over which it has original jurisdiction.").

## V. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for summary judgment.

An appropriate order will be entered.


DATED: September 18, 2018        s/Robert B. Kugler
                                 ROBERT B. KUGLER
                                 United States District Judge